IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
Galveston Division

|  |  |  |
|---|---|---|
| TEXAS DEPARTMENT OF CRIMINAL JUSTICE, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 3:17-cv-00001 |
| UNITED STATES FOOD AND DRUG ADMINISTRATION et al., | ) ) ) ) | |
| Defendants. | ) ) | |

**PLAINTIFF TEXAS DEPARTMENT OF CRIMINAL JUSTICE'S
MOTION TO LIFT STAY AND ORDER BRIEFING SCHEDULE**

Plaintiff Texas Department of Criminal Justice ("TDCJ") respectfully moves the Court to reopen this case and lift the stay ordered on December 4, 2017. The Court's order indicates that it will consider reopening the case and lifting the stay if either party so requests by motion. TDCJ submits that it would be substantially and unfairly prejudiced by a continuation of the stay in this case. TDCJ respectfully requests the Court to lift the stay and enter an order setting the schedule, described below, governing the remaining briefs for the parties' cross-motions for summary judgment.[1]

This case began as a challenge to the U.S. Food and Drug Administration's unreasonable delay in addressing the very same legal issues presented here. 29 months ago, in July 2015, the U.S. Food and Drug Administration detained the imported drugs at issue at the border. More than sixteen months later, FDA had not made a final administrative decision on the question whether the detained drugs could be imported lawfully. On January 3, 2017, TDCJ filed this case to challenge FDA's unreasonable delay in issuing that final administrative decision. Shortly thereafter, FDA issued a decision refusing the import. TDCJ amended the complaint to challenge that refusal decision on the merits.

The Court entered a summary judgment briefing schedule stipulated by the parties, providing ample 60-day response deadlines for both sides. As required by that schedule, TDCJ filed its motion for summary judgment more than five months ago, in late July

---

[1] The Federal Defendants have indicated that they intend to file a response to this motion within the 21 days permitted by the local rules. TDCJ does not oppose having the Federal Defendants take the full 21 days to respond to the motion.

2017.  The scheduling order required the Federal Defendants to file their cross-motion for summary judgment and related opposition 60 days later, in late September 2017.

In early September, counsel for the Federal Defendants contacted TDCJ's counsel to request a 60-day extension of time to file their cross-motion and opposition (and extend the other deadlines in the case by the same interval of 60 days).  In their motion requesting that extension, the Federal Defendants indicated that the purpose of the extension was for them to consult and coordinate internally, formulate a response to TDCJ's motion, and obtain supervisory review.  As a matter of professional courtesy, TDCJ decided not to oppose the requested extension.  The Court granted the extension, setting November 28, 2017 as the Federal Defendants' new deadline to file their cross-motion and opposition.

Thereafter, the parties discussed possible ways to resolve this matter.  The parties' most recent substantive discussion regarding possible resolution occurred more than two months ago — on October 23, 2017.  At this time, TDCJ has no basis for anticipating that those discussions will resume.

As the Federal Defendants' November 28 deadline approached, their counsel contacted TDCJ's counsel to request an additional extension of time, moving their briefing deadline another five weeks, to January 5, 2018.  In their motion requesting the extension, the Federal Defendants referred to their need to deliberate internally about this case.  Again TDCJ chose not to oppose the request, as a matter of professional courtesy.  In deciding not to oppose the request, TDCJ had no expectation that the extension of time would lead the parties to resume discussions about possible resolution of this case.  In

deciding not to oppose the request, TDCJ also had no expectation that the Court would stay the case in response to the Federal Defendants' motion.

Given the foregoing facts, TDCJ respectfully submits that the Court should lift the stay in this case. Continuing the stay would effectively deny TDCJ its day in court as Plaintiff, unfairly penalizing TDCJ for extending professional courtesies to the Federal Defendants. TDCJ has no basis for believing that staying the case would contribute to resolution of the case. To the contrary, maintaining the stay would, for an indefinite period, relieve the Federal Defendants of any obligation to defend the claims in this case, thereby effectively denying any relief to TDCJ. This manifestly unfair result would occur in a dispute that has persisted since July 2015. The Court should not maintain a stay that prevents, instead of enhances, resolution of such a longstanding dispute and prohibits the Plaintiff from obtaining any relief for its claims.

The Court also should enter an order establishing a schedule that governs the remaining briefs for the parties' cross-motions for summary judgment. TDCJ respectfully submits that it would be fair and reasonable for the Court to require the Federal Defendants to file their combined cross-motion and opposition within 21 days after the Court enters its order establishing a briefing schedule. The Court's Procedures establish a 21-day response time for motions. In addition, TDCJ filed its summary judgment motion in July 2017, and the Federal Defendants already have had more than *five months* to develop their cross-motion and opposition. Furthermore, in their November 21, 2017, motion for extension of time, the Federal Defendants represented to the Court that they would be prepared to file their cross-motion and opposition by

3

January 5, 2018. It would be unfair to TDCJ to allow the Federal Defendants more than 21 days after the Court's order to file their combined cross-motion and opposition.

TDCJ respectfully submits that Court should set the remaining briefing deadlines according to the schedule negotiated by the parties (and twice reaffirmed by the parties through the Federal Defendants' unopposed motions for extension of time). Under that schedule, TDCJ's combined opposition and reply brief would be due 60 days after the Federal Defendants file their combined cross-motion and opposition, and the Federal Defendants' reply would be due 60 days after TDCJ files its combined opposition and reply brief.[2]

Finally, the Court has expressed a concern that there should be a definitive briefing schedule to govern this case. To address that concern, TDCJ respectfully submits that it is not presently aware of any basis under which it would seek — or consent — to modify the schedule set forth above.

---

[2] The Court's order also should reiterate that the remaining briefs in this case are subject to the parties' May 18, 2017, stipulation (entered as a Court order on May 22, 2017) establishing a limit of 45 pages for all three briefs and establishing procedures for sealed and redacted documents.

Respectfully submitted,

　/s/ Daniel G. Jarcho

| | |
|---|---|
| Edward L. Marshall | Daniel G. Jarcho, Attorney in Charge |
|   Chief, Criminal Appeals Division | Tamara R. Tenney |
|   State Bar No. 00797004 | ALSTON & BIRD LLP |
|   S.D. Tex. Bar No. 22642 | 950 F Street, N.W. |
| Matthew Ottoway | Washington, D.C. 20004 |
|   Assistant Attorney General | (202) 239-3254 (telephone) |
|   State Bar No. 24047707 | (202) 239-3333 (fax) |
|   S.D. Tex. Bar No. 892308 | |

Texas Attorney General's Office
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 936-2891 (telephone)
(512) 320-8132 (fax)

Attorneys for Plaintiff Texas Department of Criminal Justice

## **CERTIFICATE OF CONFERENCE**

I hereby certify that I have discussed the foregoing motion with Ethan Davis, counsel for the Federal Defendants, who indicated that the Federal Defendants intend to file a response to the motion within the 21 days permitted by the local rules.  TDCJ does not oppose having the Federal Defendants take the full 21 days to respond to the motion.


   /s/Daniel G. Jarcho
Daniel G. Jarcho

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 8, 2018, I electronically filed the foregoing Motion with the Clerk of Court for the U.S. District Court, Southern District of Texas, using the electronic case-filing system of the Court. The electronic case-filing system sent a "Notice of Electronic Filing" (NEF) to the following counsel of record, who consented in writing to accept the NEF as service of this document by electronic means:

Alexander V. Sverdlov
Trial Attorney
Consumer Protection Branch
Civil Division
U.S. Department of Justice
P.O. Box 386
Ben Franklin Station
Washington, DC 20044

/s/ Daniel G. Jarcho
Daniel G. Jarcho