IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
Galveston Division

| | | |
|---|---|---|
| TEXAS DEPARTMENT OF CRIMINAL JUSTICE, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 3:17-cv-00001 |
| UNITED STATES FOOD AND DRUG ADMINISTRATION et al., | ) ) ) | |
| Defendants. | ) ) ) | |

**PLAINTIFF TEXAS DEPARTMENT OF CRIMINAL JUSTICE'S REPLY IN
SUPPORT OF MOTION TO LIFT STAY AND ORDER BRIEFING SCHEDULE**

Plaintiff Texas Department of Criminal Justice ("TDCJ") respectfully submits that in this case, as in any case, the Court has a "duty . . . to decide cases and controversies properly before [it]." *U.S. v. Raines*, 362 U.S. 17, 20 (1960).  As the party supporting the stay, the Government has the burden to justify suspending the Court's execution of that duty.  Accordingly, the Court should reject the Government's effort to shift a burden to TDCJ to prove that the case should continue.  In particular, the Government has no basis whatsoever for suggesting that TDCJ must prove irreparable harm before the Court should move forward with this case.  TDCJ has not moved for preliminary relief, and irreparable harm is not relevant to this proceeding.  The parties have agreed that the case will be resolved on cross-motions for summary judgment.

The Government has done nothing to satisfy its burden to perpetuate the stay.  It has simply made the vague statement that it "continues to explore possible options for resolving this lawsuit," without providing any time frame.  Defs' Opp'n at 1.  That statement is not a reference to settlement discussions.  (No settlement discussions have occurred for many months, and there is no current basis to believe that they will resume.)  Instead, the Government's statement is a reference to unspecified internal deliberations within the Government.  A Defendant has no basis for unilaterally suspending the adjudication of a Plaintiff's claims against it just because the Defendant cannot decide how it wants to respond.

The Government's appeal to judicial economy and conservation of party resources also is unpersuasive.  Under the schedule proposed by TDCJ, the Court will not need to devote meaningful resources to this case until many months from now, when the parties

have completed briefing their cross-motions for summary judgment.  Furthermore, TDCJ

is more than willing to devote the resources necessary to adjudicate this case.  And the

Government obviously has substantial litigation resources.  In any event, a Defendant

cannot stymie litigation of claims against it simply by arguing that it would need to

devote resources to mounting a defense.

Accordingly, the Court should lift the stay and order the briefing schedule

proposed by TDCJ.[1]  In the alternative, if the Court is not persuaded to lift the stay based

on the briefing filed to date, the Court should hold an in-person hearing with counsel for

the parties before deciding to maintain the stay.  At that hearing, the Court should require

the Government to provide a justification for the stay (which it has not done through its

vague reference to "explor[ing] possible options for resolving this lawsuit").  To the

extent that confidential matters are at issue, TDCJ would have no objection to holding the

conference *in camera*, subject to a protective order.

---

[1]     The Government has not articulated any justification for requiring the filing of its
brief within 60 days (instead of within 21 days) after the Court issues an order lifting the
stay.  The Court should use a 21-day deadline, because that is the period specified by the
Local Rules.  Furthermore, as TDCJ indicates in its motion, the Government already has
had more than five months to develop its responses to TDCJ's arguments.

Respectfully submitted,

  /s/ Daniel G. Jarcho

Edward L. Marshall
   Chief, Criminal Appeals Division
   State Bar No. 00797004
   S.D. Tex. Bar No. 22642
Matthew Ottoway
   Assistant Attorney General
   State Bar No. 24047707
   S.D. Tex. Bar No. 892308
Texas Attorney General's Office
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 936-2891 (telephone)
(512) 320-8132 (fax)

Daniel G. Jarcho, Attorney in Charge
Tamara R. Tenney
ALSTON & BIRD LLP
950 F Street, N.W.
Washington, D.C. 20004
(202) 239-3254 (telephone)
(202) 239-3333 (fax)

Attorneys for Plaintiff Texas Department of Criminal Justice

3

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 31, 2018, I electronically filed the foregoing Reply with the Clerk of Court for the U.S. District Court, Southern District of Texas, using the electronic case-filing system of the Court.  The electronic case-filing system sent a "Notice of Electronic Filing" (NEF) to the following counsel of record, who consented in writing to accept the NEF as service of this document by electronic means:

Alexander V. Sverdlov
Trial Attorney
Consumer Protection Branch
Civil Division
U.S. Department of Justice
P.O. Box 386
Ben Franklin Station
Washington, DC 20044

/s/ Daniel G. Jarcho
Daniel G. Jarcho