**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| TEXAS DEPARTMENT OF | § | |
| CRIMINAL JUSTICE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. |
| | § | |
| UNITED STATES FOOD AND DRUG | § | 3:17-CV-00001 |
| ADMINISTRATION, *et al.*, | § | |
| Defendants. | § | |

**MOTION TO INTERVENE AND SEEK ACCESS TO**
**JUNE 18, 2018 STATUS CONFERENCE**

Pursuant to Federal Rule of Civil Procedure 24, BuzzFeed, Inc. ("BuzzFeed"); The Dallas Morning News; the Houston Chronicle, a Hearst Newspapers, LLC newspaper ("Houston Chronicle"); and Texas Tribune, Inc. ("Texas Tribune") (collectively "Proposed Intervenors"), by and through their undersigned counsel, hereby move to intervene for the limited purpose of seeking access to the status conference currently scheduled to be held on June 18, 2018 in the above-captioned action ("the June 18 Status Conference").[1]

**INTRODUCTION**

This lawsuit involves the Texas Department of Criminal Justice's (TDCJ) ongoing efforts to obtain the lethal-injection drug sodium thiopental after the FDA blocked shipments of the drug from India, contending that the drugs were unapproved,

---

[1] On June 13, 2018, Defendant U.S. Food and Drug Administration ("FDA") filed an Unopposed Motion for Continuance of Status Conference. Dkt. 61. That motion is currently pending.

mislabeled, and improperly imported.  Proposed Intervenors have reported extensively on this controversy.  This issue, as well as Proposed Intervenors' reporting on it, is of the utmost public importance and relates directly to critical issues of health and safety, law enforcement, and criminal justice.

The FDA has requested that an upcoming status conference currently scheduled for June 18, 2018 be conducted under seal.  However, it has failed to provide any justification sufficient to overcome the strong presumption of public access to these proceedings.  Accordingly, Proposed Intervenors respectfully request that the status conference, whenever it occurs, remain open to the public.  Alternatively, should this Court determine that closure is necessary, Proposed Intervenors request that this Court provide findings on the record supporting closure, limit the closure only to the portions of the conference that are necessary, and expeditiously release a redacted transcript of the proceedings following the conference.

## **BACKGROUND**

On January 3, 2017, the TDCJ filed a complaint challenging FDA actions prohibiting the importation of sodium thiopental, a drug on which the TDCJ relies to carry out lethal injections in Texas. *See* Dkt. 1.  The Court entered a summary judgment briefing schedule, and consistent with that schedule, TDCJ filed its motion for summary judgment in July 2017.  The FDA twice filed motions for extension on its cross-motion for summary judgment, stating the need to coordinate internally. This Court initiated an order staying the case on December 4, 2017.  Dkt. 52.

TCDJ moved to lift the stay on January 8, 2018.  Dkt. 53.  The FDA opposed, claiming that it "continues to explore possible options for resolving this lawsuit."  Dkt. 54, at 1.  As TDCJ has stated in its reply brief in support of its motion to lift the stay, the "options" that the FDA cites do not appear to refer to settlement negotiations with TDCJ. *See* Dkt. 55, at 2.  The Court initially scheduled a telephonic status conference in this case for May 29, 2018, Dkt. 56, and the FDA requested that the conference be sealed and rescheduled. Dkt. 57.  This Court moved the conference to June 18, 2018, ordered the parties to attend in person, and took under advisement the FDA's request to close the proceedings to the public.[2]  Dkt. 58.

## ARGUMENT

### 1.   Proposed Intervenors Should Be Permitted to Intervene to Enforce the Public's Right of Access.

It is well settled that members of the press and public have a right to intervene in a judicial proceeding for the limited purpose of opposing the closure of those proceedings. *Globe Newspapers Co. v. Super Ct.*, 457 U.S. 596, 609 n.25 (1982).  Federal courts, including this one, permit journalists to intervene under Federal Rule of Civil Procedure 24 to challenge restrictions to the public's right of access to judicial proceedings.  *See, e.g.*, *Landry's Restaurants, Inc. v. Post Advisory Group, L.L.C.*, CIV.A. G-07-406, 2007 WL 3120312, at *1 (S.D. Tex. Oct. 23, 2007); *United States v. Holy Land Found. For Relief & Dev.*, 624 F.3d 685, 690 (5th Cir. 2010) (recognizing journalist's right to intervene to assert right of access to court records).  Indeed, the Supreme Court has held

---

[2] The pending Unopposed Motion for Continuance of Status Conference requests a continuance for an additional 90 days.  Dkt. 61.

that "representatives of the press and general public *must* be given an opportunity to be heard on the question of their exclusion" from such proceedings.  *See Globe Newspapers Co.*, 457 U.S. at 609 n.25 (emphasis added; internal marks and citations omitted).

Intervention is appropriate here, where there is an extraordinary level of public interest in this case.  This litigation and the underlying controversy surrounding the availability and procurement of sodium thiopental have garnered substantial media attention throughout Texas and the nation.[3]  It is an issue of significant public concern and relates to important issues of law enforcement, criminal justice, and the FDA's mandate of "protecting the public health by ensuring the safety, efficacy, and security"[4] of drugs and medical devices.  BuzzFeed has been reporting on this issue since October 2015, when reporter Chris McDaniel reported that several states were seeking to obtain lethal injection drugs from India, despite warnings from the FDA that doing so would be illegal.  Since then, BuzzFeed has reported on this controversy on six separate occasions.[5]

---

[3] *See, e.g.*, Susan Scutti, *FDA: Texas lethal injection drugs must be destroyed or exported*, CNN.COM (Apr. 21, 2017), https://www.cnn.com/2017/04/21/health/execution-drugs-fda/index.html; Meagan Flynn, *Texas Can't Have Its Mystery Execution Drugs, FDA Says*, HOUSTON PRESS (Apr. 21, 2017, 11:05 AM), http://www.houstonpress.com/news/fda-to-texas-you-cant-have-your-execution-drugs-9375794.

[4] *What We Do*, FDA.GOV, https://www.fda.gov/AboutFDA/WhatWeDo/default.htm (last accessed Jun 13, 2018).

[5] *See* Chris McDaniel, *This Is The Man In India Who Is Selling States Illegally Imported Execution Drugs*, BUZZFEED.COM (Oct. 20, 2015, 1:54 PM), https://www.buzzfeed.com/chrismcdaniel/this-is-the-man-in-india-who-is-selling-states-illegally-imp; Chris McDaniel, *Three States Bought Illegal Execution Drugs From Supplier in India*, BUZZFEED.COM (Oct. 23, 2015, 2:55 PM), https://www.buzzfeed.com/tasneemnashrulla/three-states-bought-illegal-execution-drugs-from-supplier-in; Chris McDaniel, *Texas Almost Bought Execution Drugs From 5 Men In India Who Were Accused Of Selling Illegal Party Pills*, BUZZFEED.COM (Jan. 26, 2017,

Proposed Intervenors Dallas Morning News,[6] Houston Chronicle,[7] and Texas Tribune,[8]

have all conducted reporting on this issue as well.

**2.     The June 18 Status Conference Should Remain Open.**

Both Texas common law and the First Amendment create a strong presumption

that judicial proceedings remain open.  Indeed, the press and public have such a strong

---

5:09     PM),     https://www.buzzfeed.com/chrismcdaniel/texas-almost-bought-execution-drugs-from-5-guys-overseas-who; Chris McDaniel, *Here's Why The Feds Banned Two States' Death Penalty Drugs*, BUZZFEED.COM (Apr. 21, 2017, 3:27 PM), https://www.buzzfeed.com/chrismcdaniel/heres-why-the-feds-banned-two-states-death-penalty-drugs; Chris McDaniel, *Texas Sues Trump Administration To Recover Execution Drugs It Bought From India*, BUZZFEED.COM (Apr. 26, 2017, 3:21 PM), https://www.buzzfeed.com/chrismcdaniel/texas-sues-trump-administration-to-recover-execution-drugs; Chris McDaniel, *Texas's Illegal Execution Drugs From India Have Expired. It Plans To Buy More.*, BUZZFEED.COM (June 29, 2017, 4:02 PM), https://www.buzzfeed.com/chrismcdaniel/texas-illegal-execution-drugs-from-india-have-expired-it.

[6] *See* Jordan Rudner, *Texas officials sue FDA for access to 1,000 vials of execution drug*, DALLAS        MORNING        NEWS        (Apr.        24,        2017), https://www.dallasnews.com/news/crime/2017/04/24/texas-officials-sue-federal-agency-access-1000-vials-execution-drug.

[7] *See, e.g.,* Mike Ward, *FDA blocks Texas execution drugs*, HOUSTON CHRONICLE (Apr. 20, 2016, 12:16 PM), https://www.chron.com/news/politics/texas/article/FDA-blocks-Texas-execution-drugs-7260053.php; Keri Blakinger, *As lethal injection lawsuit continues, Texas replenishes execution drug supplies*, HOUSTON CHRONICLE (Jan. 9, 2018),        https://www.chron.com/news/houston-texas/article/As-lethal-injection-lawsuit-continues-Texas-11943467.php; Gabrielle Banks, *Texas prison system sues over execution drugs seized by FDA*, HOUSTON CHRONICLE (Jan. 9, 2018), https://www.chron.com/news/houston-texas/article/State-prisons-sue-over-execution-drugs-held-in-11101024.php; Keri Blakinger, *Lawyers claim last 2 Texas executions botched by old drugs*, HOUSTON CHRONICLE (Feb. 2, 2018, 8:46 PM), https://www.chron.com/news/houston-texas/article/Lawyers-claim-last-2-Texas-executions-botched-by-12543974.php.

[8] *See, e.g.,* Jolie McCullough, *Texas sues FDA over seized execution drugs*, TEXAS TRIBUNE (Jan. 3, 2017, 4:00 PM), https://www.texastribune.org/2017/01/03/texas-ag-ken-paxton-sues-fda-over-import-execution/; Madlin Mekelburg, *FDA Blocks Texas Import of Execution Drug*, TEXAS TRIBUNE (Apr. 19, 2016, 5:00 PM), https://www.texastribune.org/2016/04/19/fda-blocks-texas-import-execution-drug/.

presumptive right of access to judicial proceedings that restricting such access is appropriate only when it is "essential to preserve higher values and is narrowly tailored to serve that interest." *Press-Enterprise Co. v. Superior Court*, 464 U.S. 501, 510 (1984) (*Press-Enterprise I*).  This right of access extends to all phases of litigation, including preliminary hearings and motion practice.  *See Press-Enterprise Co. v. Superior Court*, 478 U.S. 1 (1986) (*Press-Enterprise II*); *Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 597 (1978) (recognizing public's right to inspect and copy public records, including judicial records and documents); *In re Guantanamo Bay Detainee Litigation*, 624 F. Supp. 2d 27, 36-37 (D.D.C. 2009) (collecting cases finding right of access applies to civil litigation).  Such openness "enhances both the basic fairness of the criminal trial and the appearance of fairness so essential to public confidence in the system." *Press-Enterprise I*, 464 U.S. at 508; *see also United States v. Holy Land Found. For Relief & Dev.*, 624 F.3d 685, 690 (5th Cir. 2010) ("The principle of public access to judicial records furthers not only the interest of the outside public, but also the integrity of the judicial system itself.").  As a result, the public's access to proceedings should only be restricted where such proceedings "would be totally frustrated if conducted openly." *Press-Enterprise II*, 478 U.S. at 8-9.

It is the burden of the party seeking to prevent access to affirmatively demonstrate that sealing "advance[s] an overriding interest that is likely to be prejudiced." *Waller v. Georgia*, 467 U.S. 39, 48 (1984).  The FDA has not met that burden here.  Instead, the FDA merely states that closure of the entire proceeding is justified because the parties may discuss the resolution of the case during the conference. *See* Dkt. 57. But it is

unclear how or why such discussions would counsel in favor of sealing the conference, much less advance any overriding interest that would be prejudiced by conducting the conference in open court. Indeed, the FDA has repeatedly cited the potential resolution of the case as a justification for seeking to extend the briefing schedule, but TDCJ has reiterated that the FDA's reference to "explor[ing] possible options for resolving this lawsuit" is not a reference to settlement discussions. *See* Reply in Support of Mot. to Lift Stay, Dkt. 55, at 2. The FDA has offered no other justification for requesting that the status conference be closed to the press and the public, and certainly has not demonstrated that the purpose of the June 18 Status Conference would be "totally frustrated if conducted openly." *See Press-Enterprise II*, 478 U.S. at 8-9. Accordingly, Proposed Intervenors request that the FDA's request to seal the status conference be denied.

**3.    Any Closure Should Be Narrowly Tailored and Supported by Findings on the Record.**

Should this Court determine that closure is appropriate, "the closure must be no broader than necessary to protect that interest, the trial court must consider reasonable alternatives to closing the proceeding, and it must make findings adequate to support the closure." *Id.* In the event that limiting access to court documents or proceedings is appropriate, the justification for doing so should be made available to the public. *Id.* For example, in *United States v. Carriles*, a Texas district court required that findings be made with respect to each closed event and specific document to be sealed. 654 F. Supp. 2d 557, 571 (W.D. Tex. 2009). Specific findings should be made, and blanket findings

that restricting public access to proceedings and court documents is appropriate are generally insufficient. *See id*. at 571-72.

Additionally, even when sealing is necessary to preserve higher values, such sealing must be narrowly tailored to serve that interest. *Press-Enterprise I*, 464 U.S. at 510. Here, there are alternatives to completely sealing the status conference that would be less burdensome on the public's right of access. Specifically, this Court could reserve time at the end of the status conference to address the substance of confidential settlement negotiations or other confidential topics related to the resolution of the case in a closed setting. As it stands, however, complete closure of the June 18 Status Conference is substantially broader than necessary to protect any interests that may justify closure of the status conference, and this Court should tailor any impediments to the public's right of access narrowly.

Furthermore, this Court has not made any findings on the record that would justify depriving the public of access to these proceedings. "People in an open society do not demand infallibility from their institutions, but it is difficult for them to accept what they are prohibited from observing." *Richmond Newspapers, Inc. v. Virginia,* 448 U.S. 555, 572 (1980). The effect of the proposed closure in this case would be to shut the press and the public out of these proceedings, and the decision to do so must be accompanied by adequate explanation or assurances that the sealing is both justified and narrowly tailored.

## <u>CONCLUSION</u>

For each and all of the foregoing reasons, because of the strong public interest in allowing access in this particular case, and in light of the strong presumption in favor of

access to judicial proceedings, Proposed Intervenors request permission to intervene for the limited purpose of seeking access to the June 18 Status Conference, and further request that the conference remain open to the public. Should closure be necessary, Proposed Intervenors request that the status conference be closed only when necessary to protect an overriding interest, that this Court makes findings on the record justifying the closure of the proceedings, and that a redacted transcript of the proceedings be made available to the public as soon as possible following the conference.

Dated: June 15, 2018

Respectfully submitted,

*/s/Catherine L. Robb*

Catherine L. Robb
Southern District ID No. 737064
Texas State Bar No. 24007924
catherine.robb@haynesboone.com
Laura Lee Prather
Southern District ID No. 15442
Texas State Bar No. 16234200
larua.prather@haynesboone.com
Haynes and Boone, LLP
600 Congress Avenue, Suite 1300
Austin, Texas 78701-3236
Telephone: (512) 867-8421
Fax: (512) 867-8611

*Counsel for Proposed Intervenors BuzzFeed, Inc.; The Dallas Morning News; the Houston Chronicle, a Hearst Newspapers, LLC newspaper; and Texas Tribune, Inc.*

## <u>CERTIFICATE OF CONFERENCE</u>

This is to certify that counsel for Proposed Intervenors conferred with counsel for Plaintiff, Daniel Jarcho, and Defendants' counsel, Alexander Sverdlov, on June 14, 2018 and June 15, 2018 regarding the relief sought in this Motion.  Defendants' counsel stated that Defendants are not opposed to Proposed Intervenors' Motion.  Plaintiff's counsel advised that it takes no position on the motion until it had a chance to review the motion.

*/s/ Catherine L. Robb*
Catherine L. Robb

## **CERTIFICATE OF SERVICE**

I certify that the foregoing brief was electronically filed on the 15th day of June, 2018, using the Court's CM/ECF system which will provide a notice of electronic filing to counsel of record.

Daniel Gordon Jarcho
Alston & Bird LLP
950 F St NW
Washington, DC 20004

Benjamin L. England
Attorney at Law
810 Landmark Dr., Ste. 126
Glen Burnie, MD 21061

Edward Larry Marshall
Office of the Attorney General
P O Box 12548
Capitol Station
Austin, TX 78711

Matthew Dennis Ottoway
Office of the Attorney General of Texas
Criminal Appeals Division
P.O. Box 12548
Austin, TX 78711

Tamara Rae Tenney
Alston & Bird LLP
950 F Street, N W
Washington, DC 20004

Alexander V. Sverdlov
US Dept. of Justice, Civil Division
PO Box 386, Ben Franklin Station
Washington, DC 20044

Ethan P Davis
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530

*/s/ Catherine L. Robb*
Catherine L. Robb